UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY JOSEPH WAEGHE,

        Movant,

                                File No. 2:05-CV-115

v.

                                HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.
        _____/

## O P I N I O N

This matter comes before the Court on Movant Timothy Waeghe's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on November 29, 2004

### I.

On July 26, 2004, Movant entered a plea of guilty in this Court to one count of conspiracy to distribute an unspecified quantity of ecstacy in violation of 21 U.S.C. § 846, 841(a)(1) and 841(b)(1)(C).  On November 29, 2004, he was sentenced to 54 months imprisonment, three years of supervised release, a $3,600.00 fine, and a $100.00 special assessment.  The Court also held that, "should the guidelines be proven to be unconstitutional in some fashion, the alternate sentence will be 36 months in the custody of the Federal Bureau of Prisons."  (Sent. Tr., 15.)  Movant did not appeal his sentence.

Movant filed the instant motion to correct sentence on May 11, 2005, alleging that counsel at sentencing rendered ineffective assistance by recommending Movant accept an alternative sentence arrangement in anticipation of the then-pending decision in *United States v. Booker*, 125 S. Ct. 738 (2005), while failing to file a timely appeal that would have secured the benefits of the alternative sentence.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or

which were not presented on direct appeal. *Frady*, 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). The procedural default rule does not apply, however, to claims of ineffective assistance of counsel. Claims of ineffective assistance of trial counsel generally are not reviewable on direct appeal, because the record may be inadequate to permit review. *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255. *See Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (quoted in *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge

considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

Petitioner argues that defense counsel rendered ineffective assistance by failing to file an appeal. To establish a claim of ineffective assistance of counsel, Movant must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

In the context of an attorney's alleged failure to appeal, the Supreme Court has indicated that the *Strickland* standard continues to apply. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In reviewing such a claim, "'[j]udicial scrutiny of counsel's performance must be highly deferential.'" *Id.* at 477 (quoting *Strickland*, 466 U.S. at 689). Where an attorney fails to initiate an appeal when specifically instructed to file, he acts in a manner that is professionally unreasonable. *Flores-Ortega*, 528 U.S. at 477 (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)). In contrast, a defendant who has instructed his attorney not to file an appeal cannot later complain that his counsel performed ineffectively. *Flores-Ortega* at 477. Where the defendant has not clearly conveyed his wishes one way or the other, a

court must first consider whether counsel consulted with the defendant about an appeal, advising the defendant of the advantages and disadvantages of doing so, and making a reasonable effort to determine the defendant's wishes. *Id.* at 478; *see also Regalado v. United States*, 334 F.3d 520, 524 (6th Cir. 2003). If counsel did consult, his performance is constitutionally deficient only if counsel failed to appeal as expressly instructed by a defendant. *Regalado*, 334 F.3d at 524. If counsel failed to consult, that lack of consultation is professionally unreasonable only where (1) a rational defendant would want an appeal, or (2) a particular defendant reasonably demonstrated to counsel an interest in appealing. *Flores-Ortega*, 528 U.S. at 480. If counsel deficiently failed to consult, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

In the instant case, Movant does not allege that he asked his attorney to file an appeal. Moreover, counsel avers that he consulted with Movant about the merits of filing an appeal, and Movant has filed nothing that contradicts counsel's representation. As a consequence, Movant is unable to show that counsel ineffectively failed to file an appeal under the standard of *Flores-Ortega*, 528 U.S. at 477, and *Regalado*, 334 F.3d at 524.

Alternatively, Movant's argument can be understood as a claim that his attorney's advice not to appeal constituted the ineffective assistance of counsel. Again, Movant cannot demonstrate that counsel's performance fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 488. At the time of sentencing, the Sixth Circuit had held that

5

judicial factfinding under the federal sentencing guidelines did not violate the Sixth Amendment under the reasoning of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). *See United States v. Koch*, 383 F.3d 436, 442 (6th Cir. 2004). However, aware that the Supreme Court had scheduled arguments in *United States v. Booker*, No. 04-104, 2004 WL 1713655 (Aug. 2, 2004), the Sixth Circuit expressly directed district courts to continue sentencing defendants under the guidelines, but also encouraged courts to issue alternative sentences under 18 U.S.C. § 3553(a). *See United States v. Koch*, No. 02-6278, 2004 WL 1870438, at *1 (6th Cir. August 13, 2004). In the instant case, the Court followed the recommendation in *Koch*, imposing alternative sentences, one of which the Court believed would be constitutional and self-enforcing. Only after the issuance of the *Booker* decision, *see United States v. Booker*, 125 S. Ct. 738 (2005), did it become clear that the possibility existed that alternative sentences, depending on their rationale, also could be found unconstitutional. *See United States v. Christopher*, 415 F.3d 590, 2005 WL 1796193 (6th Cir. July 28, 2005) (finding both guideline sentence and alternative sentence to be unconstitutional, but finding no prejudice to defendant).

As a result, on the basis of the law as it existed at the time Movant was sentenced, counsel's advice not to appeal was objectively reasonable and did not constitute ineffective assistance of counsel.

**IV.**

Although Movant fails to demonstrate that counsel was ineffective in failing to appeal, he nonetheless is entitled to relief by way of substitution of his alternative sentence. At the time of sentencing, this Court unquestionably understood the issue pending in the Supreme Court's review in *Booker*. In imposing both a sentence under the mandatory Sentencing Guidelines and an alternative sentence, the Court was adhering to the direction of the Sixth Circuit's August 13, 2004 order in *Koch*, 2004 WL 187438, at *1:

> In the interest of judicial economy, and pending a definitive ruling by the Supreme Court, we recommend that the district courts within this circuit also announce at the time of sentencing a sentence pursuant to 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2004), treating the Guidelines as advisory only.

*Id.* The Sixth Circuit's direction in *Koch* parallels precisely the determination required of the Court following *Booker*:

> The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing.

*Booker*, 125 S. Ct. at 767 (citing 18 U.S.C. § 3553(a)(4), (5)).

While the Sixth Circuit has held that alternative sentences entered in contemplation of the *Booker* decision may not always be self-enforcing, depending on the district court's rationale, *see Christopher*, 415 F.3d at 593, the instant sentence must be considered self-enforcing. In setting its alternative sentence, this Court fully reviewed of all of the factors under § 3553(a), including the applicable sentencing guidelines, as directed by *Koch*, 2004 WL 1870438, at *1. Unlike in *Christopher*, the Court did not disregard the Guidelines

entirely or enter a decision based on the premise that the Guidelines were completely unconstitutional. *See Christopher*, 415 F.3d at 593. At the sentencing hearing, the Court noted that the alternative sentence was designed to come into play "should the guidelines be proven to be unconstitutional in some fashion." (Sent. Tr., 15.) The Court's alternative sentence was not based on an assumption that the Guidelines were "not applicable." *Christopher*, 415 F.3d at 593.

As a consequence, the Court's alternative sentence, imposed upon consideration of the Guidelines as advisory and in light of all of the factors under § 3553(a), both followed the directive of the Sixth Circuit in *Koch* and accurately anticipated the result in *Booker*. At the time of sentencing, all of the parties had a full opportunity for allocation on both the original and alternative sentences. At that time, the United States was free to appeal, had it considered the alternative sentence improper or unreasonable. It did not do so.

The alternative sentencing model established by the Sixth Circuit was designed to avoid unnecessary resentencing, regardless of the ultimate decision of the *Booker* Court. This Court's application of the alternative sentencing model was mindful of that purpose and consistent with both Sixth Circuit and Supreme Court precedent. As a consequence, Movant was not required to further litigate the proper sentence under *Booker*, either on appeal or in a resentencing hearing. Accordingly, unlike in *Christopher*, the alternative sentence imposed in the instant case must be considered self-executing.

## V.

The files and records in this case conclusively show that the Movant is entitled to relief under § 2255. Accordingly no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is granted and the alternative sentence of 36 months, as set forth in the Court's November 30, 2004 judgment, shall be deemed the sentence of the Court. An order consistent with this opinion will be entered.


Dated:     September 7, 2005            /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE